LORIE ALMON (LA-4937)
LEONARD A. COLONNA (LC-9635)
SEYFARTH SHAW LLP
1270 Avenue of the Americas, Suite 2500
New York, New York 10020-1801
(212) 218-5500

Attorneys for Defendant
ABF Freight System, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DENNIS BAZON,

                  Plaintiff,

    - against -

ABF FREIGHT SYSTEM, INC.,

                  Defendant.

------------------------------------------------------------x

**ECF CASE**

__ Civ. _____ (    )

**NOTICE OF REMOVAL**

05 CV 5122

    Defendant ABF Freight System, Inc. ("ABF"), by its attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332 and 1441, files this Notice of Removal with respect to the case identified as <u>Dennis Bazon v. ABF Freight System, Inc.</u>, Index No. 4528/05, from the Supreme Court of the State of New York, County of Westchester. In support of this Notice, ABF states as follows:

**Service and Parties**

    1.    On or about March 25, 2005, plaintiff Dennis Bazon ("Bazon") filed a Complaint with Jury Trial Demand (the "Complaint") with the Clerk of the County of Westchester alleging that he was denied permission to continue working for ABF in September 1998, despite his repeated requests to do so, as a result of an on-the-job injury he previously suffered in or about 1997 (Compl. ¶ 11-15). Bazon alleges that ABF denied his requests for discriminatory reasons,

namely, his alleged disability and/or age, in violation of the New York State Human Rights Law, Executive Law § 296 et seq. (id. ¶¶ 40, 42). ABF was served with and first received the Complaint on or after April 28, 2005.

2.   The Complaint is annexed hereto as Exhibit A, and in accordance with 28 U.S.C. § 1447(b) and Local Civil Rule 81.1(b) of this Court, constitutes "all records and proceedings" in the state court. In his state court Complaint, plaintiff Bazon has included a purported Jury Demand, which is premature under New York State law and therefore without effect pursuant to § 4102(a) of the New York Civil Practice Law and Rules.

**Timeliness of Removal**

3.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure because it is filed within thirty (30) days of ABF's initial receipt of the Complaint, which is the "pleading . . . from which it may first be ascertained that the case is one which is . . . removable." 28 U.S.C. § 1446(b).

**Basis for Removal**

4.   The ground for removal is diversity of citizenship under 28 U.S.C. § 1332, in that:

    (a)   plaintiff Bazon is a citizen of the State of New York (Compl. ¶ 4); and

    (b)   defendant ABF is a citizen of the States of Delaware and Arkansas in that it is a corporation existing under the laws of the State of Delaware and has its principal place of business in the State of Arkansas.

Accordingly, this action is one in which none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b).

5.   Additionally, upon information and belief, the amount in controversy herein is in excess of $75,000.00, exclusive of interest and costs. That is because in the Complaint plaintiff Bazon seeks (1) lost wages, front pay and benefits, (2) a permanent injunction; (3) compensatory damages, (4) punitive damages, (5) attorneys' fees. (Compl., Wherefore Clause ¶¶ A-F). Upon

information and belief, Bazon's weekly wage in September 1998 was approximately $1,000.00, based on his minimum forty-hour workweek. Because Bazon seeks back pay for the time period between September 1998 and October 2004, which amount alone would exceed $75,000 based on plaintiff's annualized compensation in September 1998, as well as lost benefits, front pay, compensatory damages, punitive damages and attorneys' fees, there is a reasonable probability that Bazon's claims are in excess of $75,000.00. Because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000.00, this Court has jurisdiction over the case under the provisions of 28 U.S.C. § 1441(b).

6.   ABF will file a copy of this Notice of Removal with the Office of the Westchester County Clerk, 110 Dr. Martin Luther King Jr. Boulevard, White Plains, New York 10601, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, ABF prays that the above-referenced civil action proceed in the United States District Court for the Southern District of New York as an action properly removed thereto.

Dated: New York, New York
       May 31, 2005

SEYFARTH SHAW LLP

By: /s/ Lorie Almon
    Lorie Almon (LA-4937)
    Leonard A. Colonna (LC-9635)
1270 Avenue of the Americas, Suite 2500
New York, New York 10020-1801
(212) 218-5500

Attorneys for Defendant
ABF Freight System, Inc.

TO:   Julie Gaughran, Esq.
      61 Smith Avenue
      Mount Kisco, New York  10514
      (914) 666-2626

      Attorney for Plaintiff
      Dennis Bazon



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X
DENNIS BAZON,

                Plaintiff,

-against-

ABF FREIGHT SYSTEM, INC.

                Defendant.
---------------------------------------------------------------X

**COMPLAINT**

**JURY DEMANDED**

Plaintiff Dennis Bazon, by his attorney's Marsh & Gaughran LLP, alleges for his complaint as follows:

## INTRODUCTION

1. This is a suit for damages to redress the deprivation of rights accorded to plaintiff Bazon pursuant to the New York State Human Rights Law, New York Executive Law § 296 et seq. ("NYSHRL").

2. Mr. Bazon is a 54 year old man who has been employed since approximately 1985 as a truck driver and dock worker for defendant ABF Freight Systems, Inc. ("ABF").

3. As an employee of defendant ABF, plaintiff was subjected to repeated, prolonged discrimination by defendant on the basis of his age and disability.

## THE PARTIES AND JURISDICTION

RECEIVED MAR 25 2005 LEONARD N. SPANO COUNTY CLERK COUNTY OF WESTCHESTER

4. The plaintiff Dennis Bazon resides in Yorktown Heights, New York.

5. Defendant ABF is a (corporation) which has operations and conducts business and can be found in the state of New York.

6. ABF has a station in Newburgh, New York. The address of the Newburgh office is 18 Stone Castle Road, Rock Tavern, New York.

7. The most recent discriminatory misconduct on the part of ABF occurred in Newburgh, New York.

## STATEMENT OF CLAIM

8. Plaintiff incorporates by reference Paragraphs 1 through 8 of this Complaint as though the same were set forth fully herein.

9. Dennis Bazon began working on or about 1985 as a truck driver and dock worker for Carolina Freight. For approximately ten years, he was a productive employee with Carolina with a good record.

10. On or about 1995, Carolina was bought by ABF. Plaintiff continued to work as a truck driver for ABF for approximately five years, and was, again, a highly productive employee.

11. On or about February 29, 1996, plaintiff was injured on the job. While lifting crates onto the blades of a forklift, he injured his back.

12. Plaintiff was out of work for approximately three months due to this injury.

13. Approximately nine months later, plaintiff was again injured on the job and developed a pain going down his arm.

14. On or about April of 1998, plaintiff returned to work at ABF, doing light duty.

15. On or about September of 1998, plaintiff was informed by Mr. Lacey, branch manager for the Stratford, Connecticut facility for ABF, that he had been told by ABF headquarters that the following day would be plaintiff's last day.

16. Mr. Lacey further testified that in October of 1999, plaintiff reported to work and was told that instead he was to visit the company doctor, Dr. Saffir.

17. In a worker's compensation hearing dated May 16, 2002, Mr. Lacey testified that he had been told by Lana McClain, of ABF's headquarters in Fort Smith, Arkansas, that ABF had concluded, based upon its records and medical reports, that plaintiff could not return to work at ABF.

18. Mr. Lacey testified that Ms. McClain had the final say as to who returns from workers compensation leaves. Mr. Lacey further testified that he knew of no other worker at ABF who had ever been forced out of his job after returning to light duty at ABF.

19. Based upon a report from the worker's compensation attorney, which indicated that the defendant had agreed to take back Mr. Bazou as an employee, on or about April 8, 2000, plaintiff reported to work at ABF. Plaintiff was ready, willing and able to resume his job.

20. When plaintiff reported for work he was greeted and told by an ABF shop steward that he would not be permitted to work, and was sent home.

21. Plaintiff scheduled an appointment with a physician in order to be cleared to return to work. During the examination, the physician stated that he needed to see plaintiff's MRI reports.

22. Plaintiff then requested that Mr. Lacey provide such documentation to the doctor. He heard nothing for three or four months.

23. Plaintiff received a notice that he was to go for a second physical, and that all the information necessary had been sent to the doctor by ABF. When he went for his appointment, the doctor stated that he needed more information in order to clear him to go back to work.

24. In a worker's compensation hearing that took place on May 16, 2002, plaintiff stated that he had not heard any further from ABF. He further stated that he was physically fit to go back to his former job.

25. Plaintiff further testified contributions to his pension had stopped approximately one year prior to the worker's compensation hearing.

26. In an opinion dated December 13, 2002 (attached hereto as Exhibit A), Workers' Compensation Commissioner Charles F. Senich made the following findings of fact:

## FINDINGS OF FACT
## OF COMMISSIONER CHARLES F. SENICH

27. Following plaintiff's termination from his light duty position by ABF in September 1998, ABF had plaintiff examined by a Dr. Paul L. Miller. Dr.

Miller found that plaintiff was an excellent candidate to return to work, and that he could return to full duty;

28. Commissioner Senich further found that ABF did not give plaintiff his job back following Dr. Miller's report;

29. Commissioner Senich further found that on April 7, 2000, plaintiff reported to work and was sent away by ABF;

30. Commissioner Senich further found that ABF had failed to provide or produce "any medical report, medical evidence or medical reason why [plaintiff] was not given his job back;"

31. The Commissioner stated that he found plaintiff's testimony credible and persuasive, while finding ABF's witness James Lacey neither credible nor persuasive;

32. The Commissioner found that plaintiff had proven by a preponderance of evidence a prima facie case of discrimination;

33. The Commissioner further found that ABF had failed to rebut plaintiff's prima facie case by presenting a legitimate, non-discriminatory reason for not having given plaintiff his job back;

34. The Commissioner ordered ABF to give plaintiff his job back and that the plaintiff was to receive back wages from May 5, 1999 until he was returned to work;

35. The Commissioner further ordered attorney's fees.

36. During the summer of 2003, plaintiff went to ABF's Newburgh, New York office to try yet again to return to ABF. This attempt was refused.

37. Finally, in October 2004, plaintiff was permitted to return to work at ABF.

38. Defendants' actions were intentional and in reckless disregard of the health and well being of the plaintiff. As a result of these acts, the plaintiff has suffered grievous, extensive and continuing damages, including, but not limited to, pain and suffering, humiliation and embarrassment, lost wages and benefits and attorneys' fees.

## COUNT I

39. Plaintiff incorporates by reference Paragraphs 1 through 38 of this Complaint as though the same were set forth fully herein.

40. The corporate defendant, ABF, intentionally discriminated against plaintiff in violation of the New York State Human Rights Law by refusing provide plaintiff with a reasonable accommodation to his disability and refusing to permit him back to work in a discriminatory fashion.

## COUNT II

41. Plaintiff incorporates by reference Paragraphs 1 through 40 of this Complaint as though the same were set forth fully herein.

42. The corporate defendant, ABF, intentionally discriminated against plaintiff in violation of the New York State Human Rights Law by

refusing to accommodate plaintiff's disability and refusing to permit him back to work in a discriminatory fashion based upon his age which differed from its treatment of similarly situated employees under the age of 40.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Declare defendant's conduct complained of herein to be in violation of the plaintiff's rights as secured by the New York States Human Rights Law;

B. Grant a permanent injunction enjoining ABF and its owners, officers, management personnel, employees, agents, attorneys, successors, and assigns and those acting in concert therein from any conduct violating the rights of the plaintiff as secured by the NYSHRL;

C. Order ABF to make plaintiff whole by providing appropriate lost earnings and benefits, with pre-judgment interest, and other affirmative relief including, but not limited to, front pay;

D. Award the plaintiff reasonable attorney's fees and costs, including the fees and costs of experts, incurred in prosecuting this action;

E. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

F. Award plaintiff punitive damages to be determined by the jury at the time of trial; and

G. Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

The Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Dated: Mount Kisco, New York
March 23, 2005

Marsh & Gaughran LLP

By: _____
Julie Gaughran
Attorneys for Plaintiff
61 Smith Avenue
Mount Kisco, New York 10514
(914)592-2626
juliegaughran@MGLaw.us